UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

SHEILA MANDEL,

                       Plaintiff,               **MEMORANDUM AND ORDER**
                                                     **05-CV-778 (ARR)(LB)**

   -against-

SEGUROS DE VIDA TRIPLE-S, INC.,
and CIGNA GROUP INSURANCE,

                       Defendants.
----------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

At an initial conference held in the above-captioned matter on July 14, 2005, this Court urged defendants to consider reopening the administrative denial of plaintiff's claim for long term disability benefits. By Order dated July 15, 2005 (the "July Order"), this Court ruled that in the event defendants reopened plaintiff's appeal for long term disability benefits, plaintiff should not be required to submit to a functional capacity evaluation ("FCE"), but should instead be examined by a physician. On August 4, 2005, defendant Seguros de Vida Triple- S, Inc., ("Seguros de Vida") filed an objection to the July Order and submitted an additional affidavit in further support of their objection on September 6, 2005. Plaintiff submitted an affidavit in support of the July Order on September 5, 2005. The Honorable Allyne R. Ross referred defendant Seguros de Vida's objection to the July Order to me for reconsideration. Defendant Seguros de Vida's motion for reconsideration is hereby granted and that portion of the July Order regarding an FCE is hereby vacated.

On August 12, 2005, defendant Seguros de Vida filed a notice of motion for leave to file a third-party complaint against Banco Popular de Puerto Rico ("BPPR"). Plaintiff filed a notice of motion for leave to file an amended complaint against BPPR on August 29, 2005. On September

14, 2005, defendant Seguros de Vida filed a memorandum in response to plaintiff's motion to file an amended complaint. Defendant Seguros de Vida's motion to file a third-party complaint against BPPR is granted. Likewise, plaintiff's motion to amend her complaint to add BPPR as a defendant is granted.

Finally, by motions dated August 24, 2005, Jon E. Klinghoffer and David E. Morrison request permission to appear *pro hac vice* on behalf of defendant Cigna. Plaintiff opposed this request on August 26, 2005. Over plaintiff's objection, Klinghoffer and Morrison's motions to appear *pro hac vice* in this case are granted.

## BACKGROUND

Plaintiff began receiving long term disability benefits in or about April 1999 as a result of an injury she sustained in March of 1998 while working in a Brooklyn branch of Banco Popular of North America ("BPNA").[1] Both plaintiff and defendant Seguros de Vida allege that BPPR was initially responsible for plaintiff's disability benefits claim and at some point in 2000, transferred all or some portion of that responsibility to defendant Seguros de Vida. Plaintiff alleges that she was told by both BPPR and defendant Seguros de Vida on numerous occasions that defendant Seguros de Vida was the only party responsible for her disability benefits claim.[2] Defendant Seguros de Vida asserts that while it took over the responsibility of administering plaintiff's long term disability claim, it did so at all times under the direction of BPPR.

---

[1] While the parties allege in their papers that plaintiff was previously employed by BPNA, both plaintiff and defendant Seguros de Vida continually refer to BPPR as the entity "responsible" for plaintiff's long term disability benefits claim.

[2] Plaintiff alleges in her motion to amend that she brought an employment discrimination suit against BPNA which was resolved in March 2004 by a settlement and release agreement between the parties.

2

It is undisputed by the parties that beginning in or about November 2000, and up until the time her benefits were terminated in October 2002, plaintiff's long term disability benefits were being administered by defendant Seguros de Vida. What is unclear is to what extent defendant Seguros de Vida sought and received the approval of BPPR in making various determinations regarding plaintiff's long term disability claim including the decision to terminate plaintiff's benefits.

On February 9, 2005, plaintiff filed the instant action alleging that defendants had violated the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 - 1461, by terminating her long term disability benefits; plaintiff did not name BPPR as a defendant. In its memorandum in support of its objection to the July Order, defendant Seguros de Vida states that it terminated plaintiff's long term disability benefits as a result of plaintiff's failure to provide medical information which was required to assess whether plaintiff's disability was ongoing. In particular, defendant Seguros de Vida asserts that plaintiff failed to appear for two scheduled FCEs.[3]

During the initial Rule 16 conference in this case held on July 14, 2005, the parties discussed possible options for a consent resolution of this case. Plaintiff informed the Court that she was imminently scheduled to undergo surgery. This Court subsequently issued the July Order and given plaintiff's impending surgery, held that should defendants decide to administratively reopen the denial of plaintiff's long term disability claim, plaintiff should not be required to submit to an FCE, but instead should be examined by a physician. A subsequent conference was held on August 17,

---

[3]"A Functional Capacity Evaluation ("FCE") is a procedure designed to 'define an individual's functional abilities or limitations in the context of safe, productive work tasks.'" Bari v. Continental Casualty Co., 02 Civ. 5628 (CBM), 2004 WL 1124685 at *3 (S.D.N.Y. May 20, 2004), citing, Phyllis M. King, et al., *A Critical Review of Functional Capacity Evaluations*, 78 Physical Therapy 852, 853 (Aug.1998).

3

2005, at which time plaintiff informed the Court that her surgery had still not been scheduled and there was no date certain as to when her surgery would occur.

## DISCUSSION

### July Order

Defendant Seguros de Vida submitted an objection to this Court's July Order on several grounds, including that this Court erroneously held that "FCEs are unreasonable as a matter of law." This Court notes that while it did state that plaintiff should not be required to undergo an FCE, it did not hold that FCEs are unreasonable as a matter of law. In issuing the July Order, this Court was mindful of plaintiff's tenuous medical condition which she reported required immediate surgery. Given plaintiff's alleged impending surgery, the Court held that plaintiff should not be required to undergo an FCE. This Court at no time held as a matter of law that plaintiff could never be required to submit to an FCE. This Court was merely taking plaintiff's concern that her condition not be exacerbated into account, a legitimate factor to be considered, when it issued the July Order. See, Mowers v. Paul Revere Life Ins. Co., 204 F.3d 372, 376 (2d Cir. 2000)(noting that courts have considered possible consequences to a plaintiff's health in evaluating plaintiff's decision not to attend a physical examination); Bari v. Continental Casualty Co., 02 Civ 5628 (CBM), 2004 WL 1124685 at *11 (S.D.N.Y. May 20, 2004) (noting that plaintiff failed to provide clinical data to support plaintiff's inability to undergo an FCE).

Defendant Seguro de Vida relies on these same cases in its statement of objection to the July Order which are in fact not contrary to the July Order. In Mowers v. Paul Revere Life Ins. Co., the Second Circuit reversed a grant of summary judgment in favor of plaintiff where the lower court found that defendant's denial of plaintiff's long term disability claim was improper. The court in

4

Mowers held that "[w]hile taking no position on whether the request for an FCE was in fact reasonable, we conclude that the defendant has shown that there is a genuine issue of material fact for trial on that issue. Summary judgment was therefore inappropriate." Id. at 374. In the case at bar, this Court was not deciding a motion for summary judgment and did not hold as a matter of law that plaintiff could not be required to submit to an FCE. Rather, the Court's initial conference and its subsequent Order were meant to further the parties' exploration of possible settlement options.

Moreover, in Bari v. Continental Casualty Co., the court was at a very different stage of proceedings than this Court when it decided a dispositve motion and ruled that defendant's decision to terminate plaintiff's long term disability benefits was not arbitrary and capricious. The Court in Bari reasoned that given the facts in the case, it was not unreasonable for defendants to require plaintiff to submit to an Independent Medical Exam and an FCE and to deny plaintiff benefits for refusing to attend those exams. Again, in the case at bar, this Court was not deciding the ultimate issue of whether defendants' termination of plaintiff's benefits was arbitrary and capricious. Rather, the Court was attempting to have defendant accommodate plaintiff's stated medical concerns within the context of a negotiation to reopen the administrative denial of her claim for benefits.

Having reviewed the documents submitted by the parties on this issue, and given that the surgery plaintiff alleged was imminent more than three months ago has still not been scheduled, this Court grants defendant Seguros de Vida's motion for reconsideration. That portion of the Court's July Order which ruled that plaintiff should not be required to submit to an FCE is hereby vacated. Should the administrative appeal of the denial of plaintiff's claim for long term disability benefits be reopened, plaintiff may be required to undergo whatever procedures the underlying benefit plan provides.

## Motions to Add Third-Party Defendant BPPR

Defendant Seguros de Vida and plaintiff both wish to join BPPR as a defendant in the above-captioned action. By motion dated September 14, 2005, defendant Seguros de Vida requests that it be allowed to file a third-party complaint against BPPR pursuant to Federal Rule of Civil Procedure 14(a). In its motion attaching the proposed third-party complaint, defendant Seguros de Vida alleges that it was at all times acting under the direction of BPPR in administering plaintiff's long term disability claim. See, Proposed Third-Party Complaint of defendant Seguros de Vida ¶¶ 13-15. Defendant Seguros de Vida further alleges that it was reimbursed by BPPR for all the costs it incurred in relation to plaintiff's long term disability claim.[4] Id. at ¶ 12.

By motion dated August 29, 2005, plaintiff requests permission to amend her complaint pursuant to Federal Rule of Civil Procedure 15 to add BPPR as a defendant. Plaintiff asserts that she did not name BPPR as a defendant because she had signed a settlement and release agreement with BPPR in her employment discrimination suit. See, Affirmation of Donna H. Clancy, Esq., in Support of Plaintiff's Motion for Leave to File an Amended Complaint ¶ 10. Plaintiff states that the agreement she signed with BPPR precludes her from bringing any action against BPPR. Plaintiff claims, however, that at the time she signed the settlement and release agreement, she was given assurances from counsel for BPPR, that signing the release would not preclude her from pursuing any claim she had for her long term disability benefits. Id. at ¶¶ 9-10; Affidavit of Shelia Mandel in Support of Motion for Leave to File an Amended Complaint ¶¶ 8, 10-11.

---

[4]In its answer filed on May 3, 2005, Seguros de Vida had as its eleventh and seventeenth affirmative defenses that plaintiff had failed to join an indispensable party and that defendant Seguros de Vida "was a third party administrator . . . and not the entity responsible for paying benefits under plaintiff's Plan". Seguros de Vida's Answer to Complaint ¶33.

she signed the settlement and release agreement with BPPR. Plaintiff, therefore requests that she be allowed to amend her complaint to add BPPR as a defendant.

Fed. R. Civ. P. 14 (a) states in relevant part: "[a]t any time after the commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." It goes on to state that: "[t]he plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff...." Id. As is the case here, when more than ten days have passed since the defendant has answered the complaint, permission must be sought to file the proposed third-party complaint. Id.

The purpose behind Rule 14(a) is to "promote judicial economy, achieve consistency of results and avoid circuity of action." Consolidated Rail Corporation v. Metz, 115 F.R.D. 216, 218 (S.D.N.Y. 1987)(citations omitted). In deciding a motion to file a third-party complaint, courts must "balance the benefits of settling related matters in one suit against the possible prejudice to the plaintiff and the third-party defendant," Id. Applying these factors to defendant Seguros de Vida's request to file a third-party complaint against BPPR, the Court grants the request. Both defendant Seguros de Vida and plaintiff allege that BPPR may be the party ultimately responsible for terminating plaintiff's long term disability benefits. Furthermore, defendant Seguros de Vida alleges in its proposed third-party complaint that were it to be found liable to plaintiff, it would be entitled

to indemnity or contribution from BPPR, clearly satisfying the requirement in Rule 14(a) that the party to be impleaded "is or may be liable to the third-party plaintiff." Given that plaintiff does not object to the addition of BPPR as a defendant and that the case is in its initial stage with discovery not yet commenced, defendant Seguros de Vida's motion is granted and its proposed third-party complaint shall be filed. Defendant Seguros de Vida shall serve the third-party complaint upon BPPR within twenty days of this Order.

With respect to plaintiff's request to amend her complaint, Rule 14 allows a plaintiff to assert claims against a defendant that has been impleaded through a third-party complaint, and therefore plaintiff's request to amend her complaint is granted.[5] The Court notes that plaintiff did not submit a proposed amended complaint with her motion which is generally required before leave to amend will be granted. However, the Court assumes that plaintiff shall limit her amended complaint to adding BPPR as a defendant, while reiterating the allegations in her original complaint that she still intends to pursue.[6] The Court directs plaintiff to file her amended complaint within twenty days of this Order.

Finally, the Court grants the motions of Jon E. Klinghoffer and David E. Morrison to appear *pro hac vice*. The Court notes that plaintiff objects to these attorneys on the ground that their appearance in this action will create a potential conflict of interest. Should a conflict of interest

---

[5]The Court notes that plaintiff filed her motion pursuant to Federal Rule Civil Procedure 15, and this rule allows that permission to amend "shall be freely given when justice so requires." Plaintiff's request to amend is thus granted under both Rules 14 and 15.

[6]Plaintiff is advised that an amended complaint completely replaces the original complaint. See, Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990)("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies... Once an amended pleading is interposed, the original pleading no longer performs any function in the case...")(citations omitted).

become apparent at a later point, the Court can revisit the issue.

## CONCLUSION

For the reasons set forth herein, the Court:

GRANTS defendant Seguros de Vida's motion for reconsideration and vacates that portion of its July Order regarding plaintiff's submission to an FCE;

GRANTS defendant Seguros de Vida's motion to file a third-party complaint;

GRANTS plaintiff's request to amend her complaint; and

GRANTS the motions of Jon E. Klinghoffer and David E. Morrison to appear in this matter *pro hac vice.*

The Court shall hold a status conference in this matter as scheduled on October 20, 2005 at 10:00 a.m. in Courtroom 373. All parties shall appear.

SO ORDERED.

LOIS BLOOM
United States Magistrate Judge

Dated: October 17, 2005
Brooklyn, New York